```
                    UNITED STATES DISTRICT COURT
                    EASTERN DISTRICT OF LOUISIANA
```

ANDREW KOBESZKO husband                CIVIL ACTION
of/and ELIZABETH KOBESZKO
and ABEK, INC.

VERSUS                                 NO. 06-7678

STATE FARM FIRE AND CASUALTY           SECTION "R"(1)
COMPANY AND GARCIA INSURANCE
AGENCY, INC.

**ORDER**

    Before the Court is defendants' unopposed motion to dismiss under Rule 12(b)(6) of the Federal Rules of Civil Procedure as to plaintiffs' claims against State Farm Fire and Casualty Company and Garcia Insurance Agency.  (R. Doc. 18).  Plaintiffs sued State Farm, their homeowner's insurer, and Garcia, their insurance agent, after plaintiff suffered damage as a result of Hurricane Katrina.  On January 31, 2007, this Court denied plaintiffs' motion to remand, finding that plaintiffs' claims against Garcia were joined improperly.  Specifically, the Court found that plaintiffs' claims were perempted by the terms of La. Rev. Stat. § 9:5606.  *See Merridth v. Allstate Indem. Co.*, 2007

WL 325741, at *7 (E.D. La. Jan. 31, 2007). The Court, therefore, concluded that plaintiffs could not establish a cause of action under Louisiana law against Garcia. Because plaintiffs are unable to prevail against Garcia as a matter of law, dismissal is appropriate as to plaintiffs' claims against Garcia.

As to plaintiffs' claims against State Farm, the Court also finds that dismissal is proper. Plaintiffs aver in their state court petition that their claims "relate only to flood insurance procurement and not the handling or adjustment of flood policies." (R. Doc. 1-2, at ¶ 3). They further aver that "*State Farm's liability arises through the errors and omissions of their agent*, Manie Garcia, including his extra-contractual duty of reasonable diligence to review, advise and procure adequate coverage." (*Id.* at ¶ 7) (emphasis added). Plaintiffs do not allege any improper conduct by State Farm apart from the asserted actions and/or omissions of its agent. The claims against State Farm therefore must fail as, for the reasons assigned in this Court's Order denying plaintiffs' motion to remand, they are likewise perempted by the terms of Section 9:5606. *See generally Klein v. Am. Life & Cas. Co.*, 858 So. 2d 527, 531 (La. Ct. App. 2003) ("Because the acts of an insurance agent are generally imputable to the insurer he represents, we conclude La. R.S. 9:5606's peremptive periods apply to the claims against [American

Life and Casualty Insurance Company] under the facts of this case."). As such, plaintiffs' claims against State Farm are hereby dismissed.

New Orleans, Louisiana, this 18th day of May, 2007.

_____
SARAH S. VANCE
UNITED STATES DISTRICT JUDGE